UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LEROY CHISHOLM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-125 |
| | ) | CR413-007 |
| UNITED STATES OF AMERICA,[1] | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 1:43 pm, Jul 12, 2017

## REPORT AND RECOMMENDATION

Guilty-plea convicted of conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C) & 846, Leroy Chisholm seeks to exploit the Supreme Court's decision in *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016),[2] to neutralize his enhanced sentence. Doc. 1; *see* CR413-007,

---

[1] As his 28 U.S.C. §2241 petition has been properly recharacterized as a 28 U.S.C. § 2255 motion to vacate his sentence, Warden Merlak is not an appropriate respondent and the United States of America must be substituted in.

[2] *Mathis* merely elucidated the holdings and analyses in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 133 S.Ct. 2276 (2013), to explain how courts must divine whether a criminal defendant's prior convictions counted as "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). *Mathis*, 136 S. Ct. 2245-46 (where a statute defines only one crime, with one set of elements but alternative factual *means* by those elements may be satisfied, it is broader than the elements of the "generic" version of

docs. 522 (plea agreement), 523 (judgment); 674 & 687 (Eleventh Circuit opinion and mandate affirming judgment).  He believes that *Mathis*, *Johnson*, *Descamps*, and a Fifth Circuit case (*United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)) render the Sentencing Guidelines-based enhancement of his sentence "unconstitutional."  Doc. 1 at 3-11 (arguing that his two prior convictions for violations of O.C.G.A. § 16-13-30 for possession of a controlled substance is "broader" than the definition of a controlled substance offense as defined by U.S.S.G. § 4B1.2 and thus cannot be considered enhancement-triggering offenses post-*Mathis* and *Hinkle*).  Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Chisholm was sentenced as a "career offender" under the Sentencing Guidelines -- *not* the ACCA.  Presence Investigative Report (PSR) at ¶¶ 20 (determining he qualified as a "career offender" under U.S.S.G. § 4B1.1 based on prior felony controlled substances

---

the crime and cannot be utilized in an ACCA enhancement).  It did not announce any new rule of law, and (just like *Johnson*), is inapplicable to Sentencing Guidelines-based enhancements.  *See In re: Antonio Woodley*, No. 17-12594-J at *2 (11th Cir. July 3, 2017) (*Mathis* did not establish a new rule of constitutional law, it only clarified existing law); *Smith v. United States*, 2017 WL 1745057 at *1 (S.D. Ga. May 3, 2017) (*Mathis* does not undo Sentencing Guidelines enhancements -- it only serves as an explanatory tool to analyze underlying convictions per the modified categorical approach).

offenses).³ And *Johnson*, which invalidated the ACCA residual clause, *does not* extend to the identical language of the Sentencing Guidelines' residual clause. *Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017); *see also United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (same). Thus, *Mathis* and *Descamps* (which only clarified the proper approach to be utilized in evaluating predicate crimes of conviction for *ACCA*-enhancements, both pre- and post-*Johnson*) have zero impact on movant's sentencing. Chisholm has no claim for relief.

Leroy Chisholm's 28 U.S.C. § 2255 motion should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

³ *See* PSR at ¶¶ 26 (possession with intent to distribute (two counts, for both cocaine and marijuana)) & 27 (sale of a controlled substance (cocaine)); *see also* doc. 523 (enhanced sentence for 151 months' incarceration).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __12th__ day of July, 2017.

_/s/ JR Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA